On June 27,1975 the court issued the following order:
Before CoweN, Chief Judge, Dtjreee, Senior Judge, and Skeltok, Judge.
“This case is before the court on cross motions for summary judgment. It involves the review of a decision rendered by the Armed Services Board of Contract Appeals with respect to rental collected from plaintiff under the provisions of a facilities contract covering the use of certain Government-owned forging equipment. After considering the motions and briefs of the parties, and after hearing oral argument, the court finds that the following facts found by the ASBCA in its decision of April 12, 1974, are supported by substantial evidence:
“(1) The facilities contract was executed July 15, 1966, and was to terminate on August 25,1971. The contract contained provisions requiring plaintiff to pay rent for the use of the leased equipment and also provisions authorizing plaintiff to use the facilities without charge under certain specified conditions.
“ (2) Plaintiff requested that the date for beginning rental payments be advanced from November 1, 1966 to May 1, 1967, but defendant denied the request and demanded that plaintiff pay rental in the amount of $3,750.36 for November and December 1966. Plaintiff declined, requested a decision by the contracting officer, but paid the amount demanded prior to the adverse decision of the contracting officer dated November 29,1967.
“(3) On November 1, 1968, the parties executed a rental agreement which set forth detailed procedures for the computation of rental charges to 'be paid by plaintiff for the use of the facilities. From November 1,1966 through June 1969, plaintiff paid defendant, pursuant to the agreement, a total *1008 .of $51,558.99, but refused to pay any rental thereafter. Defendant computed the rent for the period from July 1, 1969 through August 25, 1971, in the amount of $48,319.17 and withheld this sum from amounts due plaintiff under other contracts.
“ (4) Prior to August 25,.1971, the date the contract was to expire, the Government refused to extend the contract as requested by plaintiff, and notified it to prepare to return the equipment to the Government. Plaintiff continued to use the facilities after the contract expired, and on September 20, 1972, the contracting officer issued a final decision assessing plaintiff a charge for the use of the equipment from September 1, 1971 through July 31, 1972, in the amount of $18,-114.14. This amount was also collected by the Government through offset procedures.
“At the hearing of plaintiff’s appeal to the ASBCA, plaintiff did not present any testimony but subsequently filed the deposition of plaintiff’s president in which he asserted that the Government had induced plaintiff to use the equipment on a rent-free basis and that he was coerced into paying rent under 'threat of having the facilities contract terminated. These assertions were categorically denied in an affidavit of a Government official, and the Board found that the Government’s version of the facts was correct [74-1 BCA para. 10,568]. Our review of the facts is limited to the record before the Board. In view of 'the direct conflict in the affidavits, we cannot say that the Board’s finding is not supported by substantial evidence.
“After considering the provisions of the contract and the conduct of the parties in connection therewith, the Board concluded, as a matter of law, that when the several provisions of the contract are construed together, plaintiff was obligated to pay the rent as found by the contracting officer.
“Although the court is not bound by the Board’s decision on questions of law (Morrison-Knudsen Co. v. United States, 170 Ct. Cl. 757, 345 F.2d 833 (1965)), the court concludes, as a matter of law, that the Board’s interpretation of the contract is correct and that its decision should be affirmed. As to the quantum of rent due for the post-contract use for which *1009 defendant collected $18,114.14, the Board held that the question should be remanded for negotiation by the parties.
“Except as to the quantum of rent due defendant for the post-contract period,
“it is therefore ordered that defendant’s motion for summary judgment is granted, plaintiff’s motion for summary judgment is denied, and plaintiff is entitled to recover nothing.
“Pursuant to Buie 149(b) and 86 Stat. 652, the issue as to the amount of rental due for the post-contract usage is remanded to the ASBCA for determination by stipulation, or administrative proceedings. Further proceedings in this court shall be stayed for a period of six months from the date of this order. Defendant’s counsel is designated to advise the court by letter to the clerk of the status , of the remand proceedings, and such advice shall be given at intervals of 90 days or less, commencing with the date of this order.”
On September 22, 1975 the decision of the administrative judge was filed, and on September 30, 1975 the petition was dismissed following filing of plaintiff’s motion to dismiss endorsed “No objection” by defendant.